**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KEVIN COIT,** : | | |
| **Plaintiff** : | No. 1:19-cv-02036 | |
| : | | |
| v. : | (Judge Kane) | |
| : | | |
| **JP LUTHER, et al.,** : | | |
| **Defendants** : | | |

**ORDER**

**AND NOW**, on this 24th day of July 2020, in accordance with the Memorandum issued concurrently with this Order, **IT IS ORDERED THAT**:

1. The Clerk of Court is directed to amend the docket in the above-captioned case to reflect the proper spelling of Defendants Wakefield, Sunderland, Jadlocki, and Szelewski's names;

2. Defendants' motion to dismiss (Doc. No. 23) is **GRANTED** with respect to Plaintiff's claims against Defendant Ellenberger and **DENIED** in all other respects;

3. Pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii), Plaintiff's First Amendment access to the courts claim; Eighth Amendment claims regarding failure to protect, denial of meals, and the use of excessive force on September 14 and October 23, 2019; Fourteenth Amendment due process claim against Defendant Szelewski; and ADA claims against Defendants in their official capacities are **DISMISSED WITHOUT PREJUDICE**. His Fourteenth Amendment due process claim against Defendants Hollibaugh, Grassmyer, and Jadlocki as well as his ADA claims against Defendants in their official capacities are **DISMISSED WITH PREJUDICE**;

4. Plaintiff is granted thirty (30) days from the date of this Order to file an amended complaint regarding his claims against Defendant Ellenberger; First Amendment access to the courts claim; Eighth Amendment claims regarding failure to protect, denial of meals, and the use of excessive force on September 14 and October 23, 2019; Fourteenth Amendment due process claim against Defendant Szelewski; and ADA claims against Defendants in their official capacities. If Plaintiff elects to file an amended complaint, Plaintiff is advised to adhere to the standards set forth in the Federal Rules of Civil Procedure and the directives set forth by this Court in its accompanying Memorandum. Specifically, the amended complaint must be complete in all respects. It must be a new pleading which stands by itself without reference to the original complaint or any other documents already filed. The amended complaint should set forth Plaintiff's claims in short, concise and plain statements as required by

    Rule 8 of the Federal Rules of Civil Procedure.  Each paragraph should be numbered.  The amended complaint should specify which actions are alleged as to which defendants and sufficiently allege personal involvement of the defendant in the acts which Plaintiff claims violated his rights.  Mere conclusory allegations will not set forth cognizable claims.  Importantly, should Plaintiff elect to file an amended complaint, he must re-plead every cause of action (such as his First Amendment retaliation claims; Eighth Amendment claims regarding the solicitation of suicide, the denial of medical care, and Defendant Shope's use of excessive force; his Fourteenth Amendment equal protection claim against Defendant Fisher; and his ADA claims against Defendants in their official capacities) in the amended complaint because the amended complaint will supersede the original complaint.  See Knight v. Wapinsky, No. 12-cv-2023, 2013 WL 786339, at *3 (M.D. Pa. Mar. 1, 2013) (stating that an amended complaint supersedes the original complaint).  Because an amended complaint supersedes the original pleading, all causes of action alleged in the original complaint which are not alleged in an amended complaint are waived.  See id. (citations omitted);

5. The Clerk of Court is directed to provide Plaintiff a civil rights complaint form to use for filing his amended complaint; and

6. If Plaintiff files an amended complaint, it will supersede the original complaint as set forth above.  Plaintiff is advised that should he fail to file an amended complaint within thirty (30) days of the date of this Order, the Court will proceed on Plaintiff's original complaint as to his First Amendment retaliation claims; Eighth Amendment claims regarding the solicitation of suicide, the denial of medical care, and Defendant Shope's use of excessive force; his Fourteenth Amendment equal protection claim against Defendant Fisher; and his ADA claims against Defendants in their official capacities.

                                                  s/ Yvette Kane  
                                                  Yvette Kane, District Judge  
                                                  United States District Court  
                                                  Middle District of Pennsylvania