IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEVIN COIT, | : | |
| Plaintiff | : | No. 1:19-cv-02036 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| JP LUTHER, et al., | : | |
| Defendants | : | |

**ORDER**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS**:

Plaintiff, a state prisoner in the custody of the Pennsylvania Department of Corrections ("DOC"), commenced the above-captioned action in November of 2019 by filing a pro se complaint pursuant to the provisions of 42 U.S.C. § 1983 ("Section 1983"), concerning events that allegedly occurred while he was incarcerated at State Correctional Institution Smithfield ("SCI Smithfield") in Huntingdon, Pennsylvania. (Doc. No. 1.) Named as defendants were numerous individuals, all of whom appeared to be employed by the DOC and to have worked at SCI Smithfield during the period of time relevant to Plaintiff's Section 1983 claims. (Id.)

Plaintiff asserted various violations of his constitutional rights against these individuals. (Id.) However, following the completion of discovery and the Court's resolution of defendants' motion for summary judgment (Doc. Nos. 52, 53), the only remaining defendants were Defendants Luther, Wakefield, Rivello, Sunderland, Swissher, Shope, Stombaugh, Dickson, Dell, Wasko, Williams, Garman, Fisher, and Ralph, against whom various Eighth Amendment solicitation-of-suicide claims remained pending.

After resolving defendants' motion for summary judgment, the Court referred this action to the Court's Prisoner Litigation Settlement Program. (Doc. No. 53.) On February 8, 2022, the court-appointed mediator reported that the parties failed to reach a settlement. (Doc. No. 55.)

Shortly before the mediator filed his report, Plaintiff filed a motion seeking the appointment of counsel. (Doc. No. 54.) On February 15, 2022, the Court issued an Order conditionally granting Plaintiff's motion and directing the Clerk of Court to forward a copy of that Order to the Chair of the Federal Bar Association's Pro Bono Committee. (Doc. No. 56.)

Thereafter, on August 15, 2022, Leticia C. Chavez-Freed, Esquire, entered her appearance on behalf of Plaintiff (Doc. No. 60), and she subsequently requested a status conference with the Court (Doc. No. 62). On November 9, 2022, the Court held a status conference with counsel. (Doc. No. 63.) During that conference, the Court and counsel discussed, among other things, the status of this case, whether the parties were amenable to mediation, and the issue of administrative exhaustion. As to exhaustion, the Court had concluded at the summary judgment stage of this litigation that there was a genuine dispute of material fact as to whether the DOC's administrative remedy process was rendered unavailable to Plaintiff such that his alleged failure to exhaust available administrative remedies could be excused. (Doc. No. 52 at 15–19.) Thus, counsel agreed that an exhaustion hearing was necessary before scheduling a trial date for this matter.

On December 14, 2022, the Court held an evidentiary hearing and oral argument on all exhaustion issues. (Doc. No. 74.) Following that hearing, the Court ordered the parties to submit proposed findings of fact and conclusions of law within thirty (30) days of the date on which the official transcript was filed on the docket. (Id.) The transcript was filed shortly thereafter on January 9, 2023, and the parties filed proposed findings of fact and conclusions of law on February 5, 2023, and February 8, 2023. (Doc. Nos. 76, 77.) Both of these documents were filed as motions on the Court's docket.

On August 21, 2023, the Court concluded that defendants had met their burden as to administrative exhaustion on some of Plaintiff's remaining Eighth Amendment solicitation-of-suicide claims and, thus, the Court granted in part and denied in part the parties' competing motions. (Doc. Nos. 83, 84.) As a result, Plaintiff was permitted to proceed on his Eighth Amendment solicitation-of-suicide claims concerning the events that allegedly occurred on: (1) May 4, 2019 – against Defendants Williams and Ralph (Doc. Nos. 1 at ¶¶ 11–12; 71 at 2); (2) July 28, 2019 – against Defendants Shope, Fisher, and Luther (Doc. Nos. 1 at ¶ 14; 71 at 2–3); and (3) August 5, 2019 – against Defendants Luther, Wakefield, Sunderland, and Fisher (Doc. Nos. 1 at ¶ 15; 71 at 3). (Doc. No. 84.)

In light of the Court's ruling, the parties were directed to file a joint status report on or before September 20, 2023, as to whether they were amenable to having this matter referred to the Court's Prisoner Litigation Settlement Program for mediation on Plaintiff's surviving claims. (Id.) Following an extension of time (Doc. Nos. 87, 88), the parties filed their joint status report, explaining that counsel had conferred and concluded that mediation would not be fruitful at this time. (Doc. No. 89.) As a result, the parties requested that the Court "schedule a conference in order to set a jury trial date." (Id. at 1.) Thus, on November 3, 2023, the Court issued an Order scheduling a telephonic status conference for November 9, 2023. (Doc. No. 90.)

During that conference, Plaintiff's pro bono counsel requested discovery in this matter. Defendants' counsel opposed Plaintiff's request, asserting that the close of discovery has long since passed, that Plaintiff's counsel did not provide Defendants' counsel with any requests for discovery, and that there are voluminous exhibits on the Court's docket, which have been submitted by Defendants during the course of this litigation. In light of Plaintiff's counsel's newly asserted request, the Court explained that it would review this matter and that it would

3

schedule another telephonic status conference for December 19, 2023. (Doc. No. 94 (containing the Court's scheduling order for the December 19, 2023 conference).)

The Court, having reviewed this matter, is mindful of Defendants' position that discovery has long since closed. However, the Court is equally mindful that, during the discovery phase of this litigation, Plaintiff was proceeding pro se, and he is now proceeding with pro bono counsel. Thus, the Court concludes that, in the interest of justice, Plaintiff's counsel shall be afforded time to review the voluminous exhibits on the Court's docket. Plaintiff's counsel will also be provided a date by which she shall file a letter on the Court's docket, identifying the specific discovery that she seeks for purposes of trial. Defendants, of course, will be permitted to file a responsive letter. Finally, the Court will retain the December 19, 2023 telephonic status conference on the Court's schedule for the purpose of discussing the parties' forthcoming letters with counsel.

**AND NOW**, on this 15 day of November 2023, in accordance with the foregoing, **IT IS ORDERED THAT**:

1. Plaintiff's counsel **SHALL REVIEW** Defendants' exhibits, including Defendants' exhibits at docket entries forty-one (41) and forty-seven (47), by **December 4, 2023**, in order to determine what discovery remains outstanding in this matter;

2. Plaintiff's counsel **SHALL FILE** a letter on the Court's docket or before **December 8, 2023**, identifying the specific discovery that she seeks;

3. Defendants' counsel **SHALL FILE** a responsive letter on the Court's docket on or before **December 15, 2023**; and

4.        These letters are not intended to be briefs and, thus, they may be concise. The Court's hope is that these letters will identify what specific discovery remains outstanding, whether that discovery is relevant to the claims remaining for trial, and, if so, how much time would be needed to complete such discovery. The parties shall be prepared to discuss the contents of their letters with the Court at the December 19, 2023 telephonic status conference.

                                                      s/ Yvette Kane
                                                      Yvette Kane, District Judge
                                                      United States District Court
                                                      Middle District of Pennsylvania