IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEVIN COIT,<br><br>Plaintiff,<br><br>v.<br><br>J.P. LUTHER, C. WAKEFIELD, SUNDERLAND, C. SHOPE, D. WILLIAMS, B. FISHER, and RALPH,<br><br>Defendants. | C. A. No. 1:19-CV-2036<br><br>Judge Yvette Kane<br><br>JURY TRIAL DEMANDED<br><br>*Electronically Filed Document* |

Plaintiff Kevin Coit respectfully submits this Trial Brief in accordance with this Court's Trial Scheduling Order (Dkt. 110). Plaintiff sets forth herein arguments concerning the primary issues that he expects will be raised at trial, as follows:

## Issues Presented

A.   Plaintiff's evidence at trial will show that Defendants Williams, Shope, Wakefield, Sunderland, Luther and Fisher violated his Eighth Amendment right to be free from cruel and unusual punishment by

1

and through their reckless indifference to his vulnerability to suicide attempts.

    1.    Defendants' knowledge of Plaintiff's actions on non-Claim Dates is relevant to show Defendants' actual knowledge of Plaintiff's vulnerability to suicide on the Claim Dates.

B.    Plaintiff's claim for punitive damages should be allowed.

*   *   *   *

A.    **Defendants Were Deliberately Indifferent To Plaintiff's Vulnerability To Suicide Attempts**

Plaintiff will prove to the jury, with regard to each of defendants Williams, Shope, Wakefield, Sunderland, Luther and Fisher, all elements required to establish each Defendant's liability for violation of Plaintiff's Eighth Amendment rights, *i.e.*, that "(1) [Plaintiff] had a 'particular vulnerability to suicide,' (2) the custodial officer or officers knew or should have known of that vulnerability, and (3) those officers 'acted with reckless indifference' to [his] particular vulnerability." *See* Dkt. 52 (Memorandum Decision), at 29 quoting *Colburn v. Upper Darby Twp.*, 946 F.2d 1017, 1023 (3d Cir. 1991)).

Plaintiff will prove that he had a particular vulnerability to suicide on May 4, July 28, and August 5, 2019 (the "Claim Dates"), that Defendants' knowledge of Plaintiff's past attempts and their knowledge of his statements and actions on the Claim Dates prove that they knew or should have known of his vulnerability, that

Defendants intentionally failed to protect Plaintiff from himself and were thus recklessly indifferent to his known vulnerability, and that Defendants' conduct was not merely indifferent but actively and wantonly malicious.

### 1. <u>Plaintiff Was In Fact Vulnerable to Suicide On The Claim Dates</u>

The evidence will show that on each of the Claim Dates Plaintiff was actually vulnerable to suicide. Plaintiff's Exhibits 3 (May 4, 2019), 5 (July 28, 2019), and 6-7 (August 5, 2019) are directly relevant to Plaintiff's conduct and statements on the Claim Dates. Further, each of Plaintiff's Exhibits 1, 2 and 4 are relevant to and show his history of and ongoing propensity to attempt suicide and self harm, *i.e.*, his vulnerability to suicide. Testimony from each of the Defendants and from Plaintiff will show that he had attempted suicide previous to each of the Claim Dates. The jury will learn that Plaintiff was housed in the Behavioral Modification Unit specifically used to house suicidal inmates with mental health issues. Whether Plaintiff presented a particular vulnerability to suicide must be "assessed based on the totality of the facts presented." *Palakovic v. Wetzel*, 854 F.3d 209, 230 (3d Cir. 2017); *Zheng v. Palakovich*, No. 4:09-CV-1028, 2010 WL 1508521, at *5 (M.D. Pa. Apr. 13, 2010) (diagnosis of depression, suicidal tendencies, requests for psychiatric help on multiple occasions, prisoner's concern with the danger he posed to himself sufficient to establish particular vulnerability to suicide).

### 2. Defendants Had Actual Knowledge That Plaintiff Was Vulnerable to Suicide On The Claim Dates

The evidence will show that each Defendant had actual knowledge of Plaintiff's vulnerability to suicide on one or more of each Claim Date. Specifically, Plaintiff's testimony, documentary evidence, and the Defendants' testimony will show that: 1) on May 4, 2019 Plaintiff informed Defendant CO Williams that he was cutting himself and showed his cut arms to Defendant CO Williams, and that he informed Defendant RN Ralph that he was cutting himself and showed his cut arms to RN Ralph; 2) on July 28, 2019, Plaintiff told Defendant Shope that he was hearing voices telling him to kill himself, and; 3) on August 5, 2019 Plaintiff told Defendants Wakefield, Sunderland, Luther, and Fisher that he was feeling suicidal. The "plaintiff's announcement of an intent to kill himself" is strong evidence that self-inflicted harm will occur." *See* Dkt. 52, at 29-30 quoting *Colburn*.

### a. Defendants' Personal Knowledge of Plaintiff's Past Suicidal Conduct and Statements Is Relevant to Their Knowledge on the Claim Dates

Evidence and testimony concerning Defendants' knowledge of Plaintiff's conduct and statements on non-Claim Dates will also show the jury that Defendants had actual knowledge of Plaintiff's vulnerability to suicide on the Claim Dates.

"When an official has 'actual knowledge of a history of suicide attempts' it is understood that they 'know' of the subject's particular vulnerability to suicide." *McCullough v. Clinton Cnty.*, 4:23-CV00171, 2024 WL 1468359, at *6 (M.D. Pa. Apr. 4, 2024) (quoting *Palakovic*). Whether "an official has knowledge of past suicide attempts" is relevant to that defendant/official's "knowledge of an inmate's particular vulnerability to suicide" on the Claim Date. *Id.*, 2024 WL 1468359, at *5 (M.D. Pa. Apr. 4, 2024); *Brown v. Monsalud*, No. 1:20-CV-0849, 2021 WL 4502238, at *6 (M.D. Pa. Sept. 30, 2021) (extensive mental health history and past suicide attempts sufficient to establish knowledge of particular vulnerability to suicide for deliberate indifference claim). Plaintiff's Exhibits 1, 2, and 4 show Defendants' knowledge of Plaintiff's history of suicide attempts and self-harm and are therefore relevant to their knowledge of his particular vulnerability to suicide on the Claim Dates.

### 3. Defendants Acted With Reckless Indifference' To Plaintiff's Particular Vulnerability To Suicide On The Claim Dates

Plaintiff's testimony and Plaintiff's Exhibits 1, 3, 5, and 6, will show the jury that Defendants Luther, Williams, Shope, Wakefield, Sunderland, and Fischer acted with deliberate indifference on the Claim Dates by encouraging Plaintiff to engage in suicidal behavior and by refusing to intervene or obtain help for Plaintiff, and further that Defendant Luther's deliberately indifferent conduct caused deliberately indifferent conduct on the part of the other Defendants.

Plaintiff will present his Exhibit 1 to the jury to show that Defendant Luther, who is not a medical professional, determined three months prior to the first Claim Date that it was proper for prison staff to ignore Plaintiff's ongoing self-harm. Plaintiff intends to elicit testimony from Defendant Luther, consistent with her written statements in Exhibt 1, that will confirm that her decision to ignore Plaintiff's ongoing self-harm was reached and/or discussed in calm and unhurried circumstances. "In a prison context, reckless indifference implies 'a willingness to ignore a foreseeable danger to the detainee's vulnerability, or conscience-shocking behavior in unhurried situations'." *McCullough*, 2024 WL 1468359, at \*6, quoting *Kedra v. Schroeter*, 876 F.3d 424, 446 (3d Cir. 2007).

Plaintiff's Exhibit 3 and his testimony will show that after telling and showing Defendants Williams and Ralph that he was cutting himself on May 4, 2019, Williams did nothing, and that Defendant Ralph encouraged Plaintiff to cut himself more severely. Plaintiff's Exhibit 5 and testimony will show that on July 28, 2019, after Plaintiff told Defendant Shope that voices were telling him to kill himself, Defendant Shope did nothing and also told him to cut deeper because he wanted to see how deep Plaintiff could cut. Plaintiff's Exhibits 6 and 7 and testimony will show that on August 5, 2019, after telling Defendants Wakefield, Sunderland, Luther and Fischer that he was feeing suicidal, they also did nothing and told him they did not care.

6

The deliberate indifference inquiry on a vulnerability to suicide claim "must examine what the prison officials were actually aware of." *Estate of Puza v. Carbon Cnty.*, 586 F.Supp.2d 271, 277–78 (M.D. Pa. 2007), aff'd sub nom. *Barker-Puza v. Carbon Cnty.*, 304 Fed.Appx. 47 (3d Cir. 2008). Exhibits 3, 5, and 6 are all relevant to show that each of the Defendants was actually aware of Plaintiff's actions and statements on the Claim Dates. That knowledge, combined with the Defendants' refusal to take preventive steps to protect Plaintiff, establishes deliberate indifference. *See, e.g.*, *McCracken v. Fulton Cnty.*, No. 3:19-CV-1063, 2020 WL 2767577, at *7 (M.D. Pa. May 28, 2020) (finding correctional officers' knowledge that decedent was suicidal and took no action to have him evaluated, placed on suicide watch, "or otherwise protected from himself" sufficient to support reckless indifference element). Exhibits 2, 4 and 6 are relevant to show the total context and relevant information which each of the Defendants were actually aware of on the Claim Dates. Plaintiffs' Exhibits 2 and 4 show a "risk . . . so obvious that a layperson would easily recognize the necessity for preventative action." *Schiavone v. Luzerne Cnty.*, 3:21-CV-01686, 2022 WL 3142615, at *4 (M.D. Pa. Aug. 5, 2022).

    **B.**    <u>**Plaintiff's Claim For Punitive Damages Should be Allowed**</u>

Punitive damages are assessed against individual state actors in order to (1) visit a punishment upon the defendant; (2) deter the current defendants from

violating the rights of others; and (3) encourage private lawsuits to assert legal rights. *Smith v. Wade*, 461 U.S. 30, 58 (1983). Punitive damages are available where the claim is based on conduct evincing "deliberate indifference," because "the standard to show callous indifference to a federally protected right has been found to be essentially the same standard as deliberate indifference under the Eighth Amendment." *Tenon v. Dreibelbis*, 190 F.Supp.3d 412, 418 (M.D. Pa. 2016) [collecting cases]; *See also*, *Russoli v. Salisbury Twp.*, 126 F.Supp.2d 821, 873 (E.D.Pa.2000) ("The objective standard of 'callous or reckless indifference' that suffices for an award of punitive damages is not far removed from the standard for denying qualified immunity to the officers—whether a reasonable officer would have known that his conduct violated a clearly established constitutional right.")

The conduct Plaintiff complains of and which will be presented to the jury can support punitive damages. "[A] jury may be permitted to assess punitive damages in an action under § 1983 when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Fiedler v. Stroudsburg Area Sch. Dist.*, 427 F.Supp.3d 539, 558 (M.D. Pa. 2019) citing *Smith v. Wade*, 461 U.S. 30, 56 (1983); *Wilson v. Philadelphia Det. Ctr.*, 986 F.Supp. 282, 290 (E.D. Pa. 1997) (upholding punitive damages award against prison guards where case involved more than "a *de minimis* violation of [plaintiff]'s procedural due process

8

rights").

The defense argues that punitive damages should not be allowed because Plaintiff, while *pro se*, did not explicitly include that claim in his Complaint. The Court should reject that argument. Courts must construe a *pro se* litigant's Complaint liberally. *Kovalev v. Lidl US, LLC*, 647 F.Supp.3d 319, 335 (E.D. Pa. 2022) quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (*pro se*-drafted pleadings "however inartfully pleaded . . . must be held to less stringent standards than formal pleadings drafted by lawyers."). Further, the Federal Rules of Civil Procedure provide that the Court may allow Plaintiff to amend his Complaint even at this time to conform to the evidence, and that all "final judgment[s] should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings." Fed.R.Civ.Pr. R.15(b)(2); R.54(c). The parties' jointly submitted Verdict Form includes Questions which ask whether the Defendants conduct was manicous and wanton, and if so on the amount of punitive damages. The Court should allow the jury to consider those Questions on the jointly submitted Verdict Form.

Respectfully submitted,

/s/ Leticia C. Chavez-Freed
Leticia C. Chavez-Freed, Esquire
PA Bar ID No. 323615
The Chavez-Freed Law Office
2600 N. 3rd Street, 2nd Floor
Harrisburg, PA 17110-2002
(717) 893-5698
leticia@chavez-freedlaw.com

*Counsel for Plaintiff*
